Filed 12/8/21  P. v. Barnett CA2/4
Opinion following rehearing

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B309144 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA086630 |
| DUANE BARNETT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven D. Blades, Judge. Reversed and remanded with instructions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2010, a jury convicted defendant and appellant Duane Barnett of attempted murder and found firearm and gang allegations true. The trial court sentenced him to 40 years to life in state prison. In 2020, Barnett filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court summarily denied the petition, concluding Barnett was ineligible for relief as a matter of law because he was convicted of attempted murder, not murder.

On appeal, Barnett argued the trial court prejudicially erred in concluding section 1170.95 does not apply to individuals convicted of attempted murder. He also argued the court prejudicially erred by denying his petition without first appointing counsel. On October 6, 2021, we filed an opinion rejecting these contentions. We concluded section 1170.95 did not afford relief to individuals convicted of attempted murder, and consequently, the failure to appoint counsel was harmless error.

Barnett filed a petition for rehearing noting that on October 5, 2021, the Governor signed Senate Bill No. 775 (SB 775) into law. (Stats. 2021, ch. 551.) Effective January 1, 2022, SB 775 will amend section 1170.95 to, among other things, provide relief for individuals convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2.) We directed the Attorney General to file an answer to Barnett's petition for rehearing. After considering the petition for rehearing and answer, we filed an order granting Barnett's petition for rehearing. Having reconsidered the matter,

---

1      All undesignated statutory references are to the Penal Code.

we reverse the trial court's order denying Barnett's petition for section 1170.95 relief. The case is remanded to the trial court with directions to reconsider the cause in light of section 1170.95 as amended by SB 775.

## PROCEDURAL BACKGROUND

In 2010, a jury convicted Barnett of attempted murder (count one; §§ 664/187, subd. (a)) and assault with a deadly weapon (count two; § 245, subd. (a)(2)). The jury found true firearm and gang allegations attached to counts one and two. (§§ 12022.53, subds. (b)-(d), 186.22, subd. (b) [count one]; §§ 12022.5, subd. (a), 186.22, subd. (b) [count two].) The trial court sentenced him to 40 years to life for the attempted murder conviction, sustained firearm and gang allegations, and stayed sentencing on count two under section 654.

In 2020, Barnett filed a petition for resentencing under section 1170.95. In his petition, Barnett requested that counsel be appointed on his behalf. Without appointing counsel, the trial court summarily denied the petition, concluding Barnett was ineligible for relief as a matter of law because he was convicted of attempted murder, not murder. The court further stated even assuming section 1170.95 applied to attempted murder, the Court of Appeal opinion affirming Barnett's judgment showed he acted with the premeditated intent to kill.

Barnett timely appealed.[2]

---

[2] We omit any recitation of the facts underlying Barnett's attempted murder conviction because they are not relevant to the issues presented in this appeal.

3

## DISCUSSION

### I. Governing Law: SB 1437, SB 775, and Section 1170.95

The Legislature enacted SB 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

SB 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).)

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30

4

days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Subdivision (c) describes "only a single prima facie" stage of review. (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Under subdivision (c), "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Id*. at p. 966, fn. omitted.)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

On October 5, 2021, the Governor signed SB 775. (2021-2022 Reg. Sess.) Effective January 1, 2022, SB 775 will amend section 1170.95 to provide relief for individuals convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2.)

## II. The Case is Remanded for Reconsideration in Light of SB 775

Although the trial court was correct in concluding section 1170.95 did not apply to attempted murder convictions when it denied Barnett's petition, section 1170.95 will apply to attempted murder convictions once SB 775 takes effect on January 1, 2022. (Stats. 2021, ch. 551, § 2.) As the parties point out, Barnett's case will not yet be final when SB 775 takes effect. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 [a case is not final until the time for petitioning for a writ of certiorari has passed]; United States Supreme Court Rules, rule 13 [a petition for writ of certiorari is timely filed within 90 days after entry of judgment of a state court of last resort].) ~(Petition for rehearing at p. 4; Answer at pp. 9-10)~ The case is therefore remanded to the trial court with directions to reconsider the cause in light of section 1170.95, as amended by SB 775.

## DISPOSITION

The order denying Barnett's section 1170.95 petition is reversed, and the matter is remanded with directions to appoint counsel for Barnett and proceed, on or after January 1, 2022, consistent with the pertinent provisions of section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.